UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DASHON HINES,

                    Plaintiff,

            -against-

NEW YORK STATE DIVISION OF HUMAN
RIGHTS,

                    Defendant.

21-CV-4629 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging a violation of the American Rescue Plan Act of 2021. By order dated May

24, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis*. (ECF 1 at 10-11.)

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against unidentified "staff" of the Bronx office of the New York State Division of Human Rights (NYSDHR). The complaint sets forth the following facts. Plaintiff, a Buffalo resident, filed a discrimination complaint against Bryant & Stratton College, located in Albany. On February 16, 2021, a NYSDHR staff member in the Bronx office told Plaintiff that his discrimination complaint against the college had been selected for the "Early Resolution Pilot Program." But instead, the matter was dismissed on April 1, 2021. (ECF 1 at 5.) Plaintiff seeks $1 million in damages. (*Id.* at 6.) Plaintiff's complaint is 268 pages long, most of which is the text of the American Rescue Plan Act of 2021.

**DISCUSSION**

The Court construes the complaint as asserting a claim under 42 U.S.C. §1983. To state a claim under section § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*; *see also Huang v. Johnson*, 261 F.3d 65, 69-70 (2d Cir. 2001) (holding that the Eleventh Amendment extends immunity to state officials sued in their official capacities, where the state is the "real, substantial party in interest.") New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Courts have repeatedly recognized that the NYSDHR is an arm of the state for the purposes of the Eleventh Amendment. *See McGill v. Buzzelli,* 828 F. App'x 76, 78 (2d Cir. 2020) (summary order) ("To the extent McGill sought damages from the NYSDHR for its purported mishandling of his complaints, the Eleventh Amendment bars suits against it because it is a state agency."); *McPherson v. Plaza Athenee, NYC*, No. 12-CV-0785 (AJN), 2012 WL 3865154, at *6 (S.D.N.Y. Sept. 4, 2012), *aff'd sub nom. McPherson v. Hotel Plaza Athenee, NYC*, 538 F. App'x 109 (2d Cir. 2013) (same) (summary order); *see also Baba v. Japan Travel Bureau Int'l,* 111 F.3d 2, 5 (2d Cir. 1997) (per curiam) (holding that plaintiff's claim brought against DHR, seeking to vacate a DHR administrative decision, was barred under the Eleventh Amendment).

Any claim for damages that Plaintiff is asserting against the NYSDHR or its staff is therefore barred by the Eleventh Amendment and is dismissed as frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).[1]

## DENIAL OF LEAVE TO AMEND

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011).

Because the defects in Plaintiff's complaint cannot be remedied, the Court declines to grant him leave to amend his complaint.

---

[1] Plaintiff asserts that he resides in Buffalo, and that the respondent college is located in Albany. It is not clear why the Bronx office of the NYSDHR handled Plaintiff's administrative complaint. The Northern District noted Plaintiff's penchant for "attempt[ing] to create venue" in cases filed in that district. *See Hines v. New York State Office of Temp. & Disability Assistance Staff*, Nos. 21-CV-601, 21-CV-626, 2021 WL 2313630, at *4 n.8 (N.D.N.Y. June 7, 2021) ("Plaintiff has now filed multiple cases improperly venued in the Northern District of New York, not all of which are against defendants that "arguably" have a presence in the Northern District of New York.")

**LITIGATION HISTORY AND ORDER TO SHOW CAUSE**

A review of the Public Access to Court Electronic Records (PACER) system shows that Plaintiff has filed scores of civil actions and appeals; the vast majority of those cases were filed in the Second Circuit Court of Appeals and in the Northern and Western Districts of New York. *See Hines v. Application Svcs. Ctr.*, No. 13-CV-529 (W.D.N.Y. Feb. 27, 2014) (describing Plaintiff's litigation history as, "in a word, 'abusive.'") After the Second Circuit and the Western District imposed filing injunctions against Plaintiff, *see In Re: Dashon Hines*, 15–4094 (2d Cir. May 5, 2016) (requiring Plaintiff to seek leave of court before filing any future appeals); *In re Hines*, 13-MC-27-A, 2015 WL 500800 (W.D.N.Y. Feb. 3, 2015) (requiring Plaintiff to seek prior leave before proceeding IFP), he began filing cases in the Northern District of New York. *See Hines v. Dell*, No. 20-CV-638, 2020 WL 3100260, at *2 (N.D.N.Y. June 11, 2020) (noting that Plaintiff began filing "multiple cases in the Northern District of New York to avoid a bar order in the Western District of New York.") Notwithstanding these filing injunctions, Plaintiff has continued to file new complaints and appeals lacking merit. *See, e.g., Hines v. TopShelf Mgmt.*, No. 20-1609, 20-1627, 20-1656, 20-1885, 20-2728 (2d Cir. Oct. 22, 2020) (consolidating five appeals and denying Plaintiff leave to file all of them because those matters did "not depart from [Plaintiff's] prior pattern of vexatious filings.").

In light of this litigation history, the Court orders Plaintiff to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction

upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service. (ECF 1 at 8.)

SO ORDERED.

Dated:    June 14, 2021
          New York, New York

                              /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____

Executed on (date)                         Signature

_____            _____

Name                                       Prison Identification # (if incarcerated)

_____            _____

Address                          City              State        Zip Code

_____            _____

Telephone Number (if available)            E-mail Address (if available)