UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DASHON HINES,

                Plaintiff,

-against-

NEW YORK STATE DIVISION OF HUMAN RIGHTS STAFF,

                Defendant.

21-CV-4629 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On June 14, 2021, the Court dismissed the action as frivolous and for failure to state a claim upon which relief may be granted, noted that Plaintiff had filed scores of other cases dismissed as frivolous or otherwise lacking merit, and ordered Plaintiff to show cause why he should not be barred from filing further actions *in forma pauperis* (IFP) in this Court without prior permission. On July 6, 2021, Plaintiff filed a notice of appeal, and on September 9, 2021, the Second Circuit consolidated 5 appeals, including the appeal from this case, and dismissed them as frivolous. *Hines v. OTDA, et al.*, Nos. 21-1629, 21-1648, 21-1651, 21-1665, 21-1914 (2d Cir. Sept. 9, 2022).

      On July 13, 2021, Plaintiff filed a response to the order to show cause, attached to which is a 2015 mandate from the Second Circuit vacating and remanding an action to the United States District Court for the Western District of New York. The purpose of the remand was to give Plaintiff an opportunity to respond to a proposed sanction and to suggest that the district court consider "whether a more narrowly crafted sanction would suffice to deter [Plaintiff's] prior abusive litigation practices while not completely denying him access to the district court." *In re Dashon Hines*, 15-359 (2d Cir. Apr. 15, 2015).

As this Court noted in its June 14, 2021 order, notwithstanding filing injunctions in the Second Circuit and the Northern and Western Districts of New York, Plaintiff has persisted in filing complaints and appeals lacking merit. *See, e.g., Hines v. TopShelf Mgmt.,* No. 20-1609, 20-1627, 20-1656, 20-1885, 20-2728 (2d Cir. Oct. 22, 2020) (consolidating five appeals and denying Plaintiff leave to file all of them because those matters did "not depart from [Plaintiff's] prior pattern of vexatious filings"). Plaintiff's subsequent litigation history has demonstrated that a "more narrowly crafted sanction" will not deter Plaintiff from engaging in vexatious litigation. Moreover, the Court gave Plaintiff an opportunity to respond before imposing a filing injunction, but his argument against imposing the bar order is insufficient. Accordingly, the bar order will issue.

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk of Court is directed to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is directed to issue judgment in this case.

SO ORDERED.

Dated:   September 13, 2022
            New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                         Chief United States District Judge